## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

MATTHEW COOK,                                    CASE NO. 3:21 CV 1544
LIMITLESS EXISTENCE, LLC,

      Plaintiffs,                                  JUDGE JAMES R. KNEPP II

      v.

DAVE YOST, et al.,                               **MEMORANDUM OPINION AND**
                                                 **ORDER**
      Defendants.


### INTRODUCTION

*Pro se* Plaintiff Matthew Cook filed this civil rights action under 42 U.S.C. § 1983 on behalf of himself and his business entity, Limitless Existence, LLC. He brings suit against the Ohio Attorney General, the Director of the Ohio Department of Rehabilitation and Correction, two parole officers, two state court judges, two county prosecutors, four police officers, Hancock County, and the City of Findlay. (Doc. 1). Plaintiff contends he was arrested and prosecuted for growing and possessing marijuana and psilocybin mushrooms. He asserts the use of these hallucinogens enhances his religious meditations and is therefore protected activity for which he cannot be prosecuted. He claims Defendants violated his rights under the First, Fourth, Fifth, and Fourteenth Amendments as well as the Religious Freedom Restoration Act ("RFRA"), the Religious Land Usage Incarcerated Persons Act ("RLUIPA"), and the Ohio Constitution. He asks this Court to declare the criminal statutes curtailing the possession and sale of drugs violate his right to freedom of religion, determine his legal status with respect to his convictions, require him released without bond, and award him monetary damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (Doc. 2). That Application is granted.

**BACKGROUND**

In 2017, Plaintiff was on post release control supervision following a six-year sentence; Defendant Bowers was his supervising officer. *See State v. Cook*, 2020 WL 615076, at ¶ 3 (Ohio Ct. App.); *see also* Doc. 1, at ¶ 44. In August 2017, Plaintiff posted pictures on Facebook of a gloved hand holding palm-sized mushrooms that appeared to be "Psilocyn". *Cook*, 2020 WL 615076, at ¶ 3. Psilocyn is a Schedule I controlled substance, the manufacture and possession of which carry criminal penalties in Ohio. *Id.* at ¶ 9. A written post accompanying the pictures stated: "I'm probably gonna catch a lot of shit for this, but I'm doing this to prove a point because I have faith, and I understand my purpose." *Id.* at ¶ 2; *see also* Doc. 1, at ¶ 66-72. Bowers saw the Facebook post and suspected Plaintiff was growing a controlled substance; he used his authority under the terms of Plaintiff's post release control to conduct a warrantless search of Plaintiff's residence with assistance from the Findlay Police Department. *Cook*, 2020 WL 615076, at ¶ 3.

At the residence, Bowers asked Plaintiff where the mushrooms were, and Plaintiff directed him toward a bedroom at the rear of the residence. Plaintiff had posted a sign on the door that stated, "Stop!! Do Not Enter!! Property of the Church of Life Protected Under the 1st Amendment. Servant of the Church only!!" *Id.* at ¶ 4. Bowers located what he believed was a significant illegal mushroom manufacturing operation in Plaintiff's residence and called the Findlay Police Department for assistance. *Id.*

Lieutenant Doe of the Findlay Police Department responded to the scene and conducted a more thorough search; he found mushrooms in various states of cultivation throughout the house

2

and in a detached garage. *Id.* Doe also found a dehydrator with drying mushrooms in the garage; it contained an attached warning that it was protected under the First Amendment, as did a refrigerator, which had a sign stating, "Do Not Enter!! Protected under the 1st Amendment & Religious Freedom Restoration Act 1993." *Id.* In addition to mushrooms, Doe found marijuana in three separate locations in the residence. *Id.* at ¶ 7. Plaintiff told the officers they were violating his First Amendment rights. *Id.* at ¶ 8.

Plaintiff alleges he uses the psilocyn mushrooms and marijuana in the practice of his religion. He says he embraces all religions as they all have elements of truth. He indicates he formed his own church, the "Church of Life" of which he is the pastor and only member. He claims the psilocyn mushroom is a sacrament in his religion to be used for spiritual healing, purification, and religious ceremony. He states he believes he is called by God to be a shaman healer. He alleges he formed Limitless Existence, LLC in 2015 "to perform his Shaman/healing duties in providing naturally available medicines to individuals without violating the US Code or DEA Regulations concerning the distribution of a religious sacrament until … [he] could obtain approval and registration to legally provide psilocyn mushrooms as a sacrament to others." (Doc. 1, at ¶ 51).

Plaintiff asserts that after a violation hearing on September 21, 2017 at which Plaintiff's attorney argued his actions were protected under RFRA, he was found guilty of a post-release control violation. *See id.* at ¶ 89. He was sanctioned to comply with GPS monitoring for a minimum of 120 days; obtain a mental health evaluation; comply with treatment if ordered; and to avoid use or possession of illegal drugs or unprescribed medication. *Id.* Century Health evaluated Plaintiff and ordered him to complete their Intensive Outpatient Drug Abuse Program.

*Id.* Plaintiff claims that by January 19, 2018, he complied with and completed all of the programing and GPS monitoring without further violation. *Id.*

On April 10, 2018, Plaintiff was indicted for Illegal Manufacture of Drugs, specifically psilocyn, a Schedule I controlled substance, in violation of Ohio Revised Code § 2925.04(A), a felony of the second degree, Aggravated Possession of Drugs, specifically Psilocyn, in violation of Ohio Revised Code § 2925.11(A), a felony of the third degree, and Possession of Marijuana in violation of Ohio Revised Code § 2925.11(A), a felony of the fifth degree. *See Cook*, 2020 WL 615076, at ¶ 9.

Plaintiff filed multiple *pro se* Motions to Dismiss the Indictment and/or Motions to Suppress, arguing he used mushrooms and marijuana for religious purposes and his growing activities were therefore protected under the First Amendment and RLUIPA. *Id.* at ¶¶ 10-17; *see also* Doc. 1, at ¶¶ 93-94. The trial court conducted hearings on the Motions and concluded Plaintiff's religious beliefs pertaining to his consumption and manufacture of mushrooms were an attempt to justify his otherwise illegal actions. *See Cook*, 2020 WL 615076, at ¶ 13. The court also cited the dangerous properties of psilocybin mushrooms as a Schedule I controlled substance and concluded the State's interest in regulating such substances outweighed Plaintiff's interest in using them in his religious practices. *Id.* at ¶ 14.

Plaintiff eventually pleaded no contest to all charges in the indictment in exchange for the State's agreement to treat the Illegal Manufacturing and Aggravated Possession charges as allied offenses of similar import that would merge for the purposes of sentencing, and the State would elect to proceed to sentencing on the lower, third-degree felony of Aggravated Possession. *Id.* at ¶¶ 18-19. The trial court accepted the plea and sentenced Plaintiff to twenty-four months incarceration. *Id.* at ¶ 20.

4

Plaintiff appealed his conviction, asserting the trial court erred in finding the State's interest in regulating the use of controlled substances outweighed his right to the free exercise of his religion. *See id.* at ¶ 24. On February 10, 2020, the Ohio Appellate Court affirmed the trial court's decision on this issue. *Id.* at ¶¶ 41-43. It said that even assuming Plaintiff's beliefs are "religious" in nature and are sincerely held, there is a compelling state interest in regulating the use of Schedule I controlled substances, and the drug laws are narrowly tailored to this compelling state interest. *Id.* at ¶¶ 41-43. It does not appear Plaintiff appealed this decision to the Supreme Court of Ohio.

On June 1, 2020, the trial court denied Plaintiff's stay of execution of his sentence and ordered him to report to the Hancock County Justice Center on June 2, 2020. (Doc. 1, at ¶ 133). Plaintiff refused to comply. *Id.* at ¶ 134. On January 26, 2021, Plaintiff was indicted by the Hancock County Grand Jury on charges of failure to appear. *See State v. Cook*, No. 21 CR 0028 (Hancock Cty Ct. Comm. Pl.). A warrant was issued for his arrest on January 27, 2021. Those charges appear to be pending. *See id.*

Plaintiff has now filed this action on behalf of himself and Limitless Existence, LLC. He asserts thirteen causes of action, including claims for violation of his First Amendment rights of freedom of speech and freedom of religion, RFRA, RLUIPA, his Fourteenth Amendment rights to due process and equal protection, his Fourth Amendment rights to be free from warrantless searches and seizures, his Fifth Amendment rights against self-incrimination and eminent domain, his Sixth Amendment right to counsel, and the Ohio Constitution. He challenges his state court conviction, and seeks release without bond and monetary damages.

### STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir.1998).

**DISCUSSION**

Limitless Existence, LLC

As an initial matter, Plaintiff cannot bring an action on behalf of Limitless Existence, LLC. A corporation or limited liability company may appear in the federal courts only through licensed counsel. *Osborn v. President of Bank of United States*, 9 Wheat. 738, 829 (1824); *see Turner v. Am. Bar Ass'n*, 407 F. Supp. 451, 476 (N.D. Tex. 1975). Title 28 U.S.C. § 1654 provides that "parties may plead and conduct their own cases personally or by counsel." The rationale for that rule applies equally to all artificial entities. *Rowland v. California Men's Colony Unit II Men's Advisory*, 506 U.S. 194, 201 (1993). The statute does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney. *See, e.g.*, *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305 (2d Cir. 1991). Because Plaintiff is not a licensed attorney, he cannot bring claims on behalf of the business entity.

Individual Claims

Plaintiff also cannot bring his individual claims in this civil action. The federal habeas corpus statute, 28 U.S.C. § 2254, provides the exclusive remedy for a state prisoner seeking to attack the legality or validity of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). That is, "when a state prisoner is challenging the very fact of or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.* at 500; *see Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001) ("[T]his makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody[.]") (quoting *Walker v. O'Brien*,

216 F.3d 626, 633 (7th Cir. 2000))*; see also In re Campbell*, 874 F.3d 454, 461 (6th Cir. 2017) (explaining that "[a] prisoner who seeks a judgment declaring 'the fact or duration' of his sentence unconstitutional must proceed under the habeas statutes, and cannot proceed under § 1983") .

Further, to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been invalidated is not cognizable under § 1983. Therefore, when a person convicted of a crime seeks damages in a § 1983 suit, the Court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. *Id.* at 487. If it would, the Complaint must be dismissed unless the Plaintiff can demonstrate the conviction or sentence has already been invalidated. *Id.* If, however, the Court determines the plaintiff's claims, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit. *Id.*

In this case, all claims asserted directly challenge the legality of Plaintiff's conviction and current charges. In fact, he litigated these claims in the course of his criminal trial and on appeal of his conviction. *See Cook*, 2020 WL 615076, at ¶¶ 9-43. A favorable judgment on those issues from this Court would directly call into question the validity of his conviction. He therefore cannot assert them in a civil rights action unless his conviction was overturned on appeal or called into question by a decision by a federal court on a habeas corpus petition. Plaintiff's

conviction was upheld on appeal[1] and there is no indication he was granted a writ of habeas corpus. He cannot proceed with these claims in a civil rights action under § 1983.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is granted; and it is

FURTHER ORDERED that this action is dismissed pursuant to 28 U.S.C. §1915(e); and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

---

1. Plaintiff's conviction was upheld on appeal; however, the appellate court remanded the case to the trial court on the limited issue of whether the mandatory fine had been waived on Count II during sentencing. *See Cook*, 2020 WL 615076, at *7.